**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| CHOICE HOTELS INT'L, INC., | * |
| Plaintiff, | * Case No.: GJH-18-1818 |
| v. | * |
| LAXMEE, INC. | * |
| and | * |
| VIJAY PATEL, | * |
| Defendants. | * |

**MEMORANDUM OPINION**

Pursuant to Fed. R. Civ. P. 55(b), Plaintiff Choice Hotels International, Inc. has filed a Request for Default Judgment, with a supporting affidavit, against Defendants Laxmee, Inc. ("Laxmee") and Vijay Patel. ECF No. 6. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Default Judgment is granted.

**I.  BACKGROUND[1]**

Plaintiff is a "publicly-traded company incorporated under the laws of the State of Delaware, with principal headquarters in Rockville, Maryland." ECF No. 1 ¶ 1. Plaintiff is "primarily in the business of franchising hotels domestically and internationally ... including but not limited to the trade and brand marks, names and systems associated with Quality Inn®." *Id*. Defendant Laxmee is a limited liability company that, "based upon information, knowledge and

---
[1] All facts herein are taken from Plaintiff's Application to Confirm Arbitration Award, ECF No. 1, and Plaintiff's Motion for Default Judgment, ECF No. 6.

belief . . . has no place of business in either the State of Maryland or the State of Delaware." *Id*. ¶ 2. Defendant Vijay Patel is, "based upon information, knowledge and belief," the owner of Laxmee and a citizen of the State of Iowa. *Id*. ¶ 3. On or about April 30, 2012, Plaintiff entered into a Franchise Agreement with Defendants under which Plaintiff licensed Defendants to open and operate a Quality Inn Suites hotel in Peosta, IA. *Id*. ¶ 4. The parties' Franchise Agreement contained an arbitration clause, stating in relevant part that "any controversy or claim arising out of or relating to this Agreement... will be sent to final and binding arbitration before either the American Arbitration Association, ("AAA") J.A.M.S., or National Arbitration Forum..." *See* ECF No. 1-2 at 1.[2] Plaintiff explains that the Franchise Agreement required Defendants to pay monthly Royalty and Marketing/Reservation/System Fees, and that Defendants fell behind in paying these fees. ECF No. 1 ¶¶ 5-6. Plaintiff sent a written Notice of Default stating that the default would have to be cured within ten days; Defendants failed to cure the breach, and Plaintiff terminated the Franchise Agreement. *Id*. ¶ 6.

On or about October 3, 2017, Plaintiff initiated arbitration proceedings against Defendants with the AAA, Case No.: 01-17-0005-9179, "seeking resolution of its dispute with Defendants." *Id*. ¶ 8. "Specifically, Plaintiff claimed that Defendant materially breached the parties' Franchise Agreement and owed Choice fees, damages, interest, and costs incurred as a result of Defendant's breach." *Id*.

Plaintiff sent notices of the arbitration to Defendants "by regular mail, certified mail and/or overnight FedEx delivery," but "Defendants failed to appear or participate during any proceeding." *Id*. ¶ 10. The Arbitrator noted that Defendants had "failed to respond" and "failed to submit documents after due notice by mail in accordance with the Rules." ECF No. 1-1. After

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

review of the documents submitted by Plaintiff, the Arbitrator awarded damages in the amount of $83,726.63. *Id.* The Arbitrator also ordered Defendants to reimburse Plaintiff in the sum total of $2,750.00 for "administrative filing fees of the AAA" and "fees and expenses of the arbitrator." ECF No. 1-1.

Choice filed an "Application to Confirm Arbitration Award" in this Court on June 19, 2018. ECF No. 1. The "Award of Arbitrator," signed by Robert S. Culpepper of the AAA on February 16, 2018, is attached to the Application. ECF No. 1-1. The court issued summons to Defendants on June 26, 2018, and the summons were returned as executed on August 20, 2018. ECF Nos. 3, 4. The Clerk made an entry of default for want of answer against Defendants on July 30, 2019. ECF No. 8.

## II. DISCUSSION

"A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Choice Hotels Intern., Inc. v. Savannah Shakti Corp.,* DKC-11-0438, 2011 WL 5118328 at * 2 (D. Md. Oct. 25, 2011) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). When a motion for default judgment is based on an arbitration award, the plaintiff "must show that it is entitled to confirmation of the award as a matter of law." *Id.* (citations and internal quotation marks omitted).

Under the Federal Arbitration Act, a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration ..." 9 U.S.C. § 9. The Court must confirm the award unless it vacates, modifies, or corrects the award under 9 U.S.C. §§ 10 or 11. *Id.* "Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law." *Apex Plumbing Supply v.*

3

*U.S. Supply Co., Inc.,* 142 F.3d 188, 193 (4th Cir. 1998). The situations permitting a court to vacate an arbitration award are found at 9 U.S.C. § 10(a), which provides:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> > (1) where the award was procured by corruption, fraud, or undue means;
> > (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> > (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> > (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

"The exceptions to confirmation of awards are strictly limited to avoid frustrating the fundamental purpose of arbitration, *i.e.,* quick dispute resolution and avoidance of the expense and delay of court proceedings." *Jih v. Long & Foster Real Estate, Inc.,* 800 F.Supp. 312, 317 (D. Md. 1992) (citations omitted). In essence, the Court's role in reviewing an arbitrator's decision is "to determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." *Wachovia Securities, LLC v. Brand,* 671 F.3d 472, 478 (4th Cir. 2012) (citations and internal quotation marks omitted).

Here, Plaintiff's claims were properly before the AAA pursuant to the arbitration clause in the parties' Franchise Agreement. ECF No. 1-2 at 1-2. Defendants failed to appear or participate during the arbitration proceeding, but the AAA's rules provide for "the presentation of evidence by alternative means," which in this case included supporting documentation and the submission of an affidavit. ECF No. 1 ¶ 11. After "having fully reviewed and considered" this evidence, the Arbitrator entered an award of $83,726.63 plus $2,750 in costs and fees in favor of

Plaintiff. ECF No. 1-1. The Court finds no reason in the record to question the validity of the Franchise Agreement or the conduct of the Aribitrator, and Defendants have not sought to challenge, modify, or vacate the arbitration award. Therefore, the confirmation of the award is proper.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment, ECF No. 6, is granted. A separate Order follows.

Dated: August  9, 2019                                  /s/
                                                         GEORGE J. HAZEL
                                                         United States District Judge